IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **RITA HARMAN,** | |
| **Individually and on behalf of all others similarly situated,** | |
| *Plaintiff*, | |
| **v.** | Case No.  1:21cv20451 |
| | **CLASS ACTION** |
| **TAURUS INTERNATIONAL MANUFACTURING, INC., and TAURUS HOLDINGS, INC.,** | **JURY TRIAL DEMANDED** |
| *Defendants*. | |

## CLASS ACTION COMPLAINT

Comes Now, the Plaintiff Rita Harman ("Plaintiff"), individually and on behalf of all others similarly situated, and brings this class action complaint against Defendants Taurus International Manufacturing, Inc. and Taurus Holdings, Inc. (collectively, "Taurus" or the "Taurus Defendants"), and alleges upon personal knowledge as to herself and her own acts, and upon information and belief as to all other matters based upon, inter alia, the investigation made by and through her attorneys, as follows:

### INTRODUCTION

1.      Plaintiff brings this nationwide class action on behalf of herself and all other individuals who own certain Pistols (the "Class" and "Class Pistols" as hereinafter defined) which were designed, manufactured, assembled, and marketed by the Taurus Defendants in Florida and distributed or sold by the Taurus Defendants in Florida and throughout the United States. For the

purposes of the claims made herein, the Class Pistols are considered an inherently dangerous commodity.

2.     All the Class Pistols contain a Defect which renders the pistols unreasonably dangerous and unfit for their intended use. **Specifically, the Defect causes the slide of the Class Pistols to break in half at the ejection port when the Pistol is fired. When the slide of any Class Pistol breaks apart while being fired, the pieces of the slide become dangerous projectiles which are capable of striking the shooter or bystanders at incredible rates of speed and causing catastrophic injury or even death.**

3.     Upon information and belief, and based on reasonable investigation, the Defect will repeatedly and verifiably manifest in the Class Pistols.

4.     In filing this lawsuit, Plaintiff and the Class Members do not disparage the Second Amendment's right to bear arms. Rather, Plaintiff and the Class Members seek to hold Taurus accountable for the defective Class Pistols and instead of impinging upon the Second Amendment, this lawsuit is brought by and on behalf of individuals who have lawfully exercised their Second Amendment right to bear arms.

5.     This class action alleges, among other things, violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. §§ 501.201 et seq., negligence, strict liability, breach of express warranties, breach of implied warranties, violation of the Magnuson-Moss Warranty Act ("MMWA"), fraudulent inducement, suppression, negligent failure to disclose, failure to warn, concealment, misrepresentation, damages and declaratory relief in connection with the which is common to the Class Pistols. The Taurus Defendants' conduct which gives rise to these causes of action encompasses the design, testing, manufacture, assembly,

marketing, supply, warranty, misrepresentation, concealment, distribution and sales of the Class Pistols.

6.     The Class Pistols are defective and unreasonably dangerous because the common design of the Class Pistols suffers from a Defect which renders the Class Pistols subject to a dangerous weakening and fracturing of the pistol components that makes them inoperative and extremely hazardous. The Defect has created an unreasonably dangerous situation for a person owning and possessing a Class Pistol, and has substantially reduced or eliminated completely, the value of the Class Pistols.

7.     Despite actual knowledge of the Defect, Taurus has never remedied the Defect, has never issued an effective and complete warning to the public or recalled the Class Pistols even though they are aware that individuals have been seriously injured as result of the Defect, and that it is only a matter of time before more individuals are seriously injured or killed.

8.     At all times relevant to the allegations in this Complaint, Taurus had a duty to disclose and warn Plaintiff and Class Members truthfully and accurately, and not to conceal or misrepresent such truth, about the Defect. Notwithstanding their duty, and in violation thereof, Taurus carelessly and negligently failed to disclose and warn Plaintiff and Class Members and concealed and misrepresented the truth about the Class Pistols and the Defect.

9.     At all relevant times to the allegations in this Complaint, Taurus fraudulently concealed and intentionally failed to warn Plaintiff and Class Members of the Defect with the intent to deceive the Plaintiff, Class Members, and the public. Taurus falsely and fraudulently represented to Plaintiff and Class Members that their Class Pistols were safe for normal and intended use, when in fact their Class Pistols were not safe for normal and intended use.

10.     At all relevant times to the allegations in this Complaint, Taurus willfully, knowingly, and recklessly committed unfair or deceptive acts or practices in Florida for the express willful purpose of wrongfully concealing the Defect and their knowledge of it in violation of the FDUTPA.

11.     At all times relevant to this action, Defendants conspired among themselves and with others to conceal from the public, Plaintiff, and Class Members the Defect and Defendants' efforts to understate or misrepresent the nature of the risk created by the Defect.

## PARTIES

12.     The Defect is a latent Defect, and the Class Pistols are defective in a way that would not be apparent to Plaintiff and Class Members. Further, the cause of the Defect originates from the common design and manufacture of the Class Pistols and Plaintiff and Class Members would not and could not know of the Defect by the exercise of reasonable diligence.

13.     Plaintiff is over the age of 21 and is a citizen of Alabama.  Plaintiff owns a Class Pistol, in particular a Model PT 738 TCP Pistol which was designed, manufactured, assembled, tested, marketed, warranted, distributed, and sold by Defendants.

14.     Defendants Taurus Manufacturing and Taurus Holdings were always operating and conducting business in Florida relevant to the allegations in this Complaint. Taurus Holdings is the one hundred percent stockholder of Taurus Manufacturing and both Defendants were in the business of manufacturing, selling, and distributing the Class Pistols. Defendants are so intertwined contractually for each other's liabilities that they are essentially one entity with regard to the allegations in this Complaint.

## JURISDICTION AND VENUE

15.    This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act

of 2005, 28 U.S.C. § 1332(d)(2) in that the amount in controversy exceeds $5,000,000, exclusive

of interest and costs and diversity of citizenship exists between the named Plaintiff and Defendants.

This Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28

U.S.C. § 1367.

16.    Diversity of citizenship exists in this case for purposes of subject matter

jurisdiction. The named Plaintiff is a citizen of Alabama and none of the Taurus Defendants are

citizens of Alabama. Defendants were citizens of Florida at the time of all events related to the

allegations in her Complaint.

17.    This Court has personal jurisdiction over Defendants because at all times relevant

to the allegations in this Complaint they had their headquarters and principal places of business in

Miami, Florida and were engaged directly and through their agents in systematic and ongoing

business transactions in the State of Florida and within this District, including but not limited to,

the design, testing, manufacture, import, assembly, marketing, supply, warranty, distribution,

misrepresentation, and sales of the Class Pistols as well as other conduct in Florida as described

herein.

18.    Plaintiff believes that it may require further discovery as pertains to any challenge

to personal jurisdiction in this action.

19.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) as to Defendants

because they resided in this judicial district at all times relevant to the allegations in this lawsuit.

Venue is further proper in this District pursuant to 28 U.S.C. § 1391(b)(2), as to Defendants

because as described herein a substantial part of the events or omissions giving rise to the claims

5

asserted herein occurred in this judicial district. The Taurus Defendants regularly and systematically conducted business in Florida and in this judicial district, including but not limited to, the manufacture and distribution of Class Pistols throughout the United States from State of Florida under the "Taurus" brand name and distributing the Class Pistols in Florida and throughout the United States under the "Taurus" brand name.

20.     All the challenged conduct surrounding Defendants' defective Class Pistols occurred or emanated from Florida. The fraud, deception, false promises, misrepresentations, and the knowing concealment, suppression, or omission of material facts in the distribution, sale, and advertisement of the Class Pistols had their origins in Florida. The corporate decision not to disclose, but rather to misrepresent, the known Defect was made by the Defendants in Florida.

21.     In addition, venue is proper for the claims arising out of Florida's Deceptive and Unfair Trade Practices Act because the statute applies to any company engaging in any of the activities regulated by the FDUPTA within the State of Florida and as alleged herein the Defendants engaged in such activities within Florida.

22.     Plaintiff is over the age of 21 and is a citizen of Alabama. Plaintiff owns a Class Pistol, in particular a Model PT 738 TCP Pistol which was designed, manufactured, assembled, tested, marketed, warranted, distributed, and sold by Defendants.

23.     The following are true and accurate photographs of Plaintiff's Class Pistol bearing Serial No. 672068.




6

24.     Defendants Taurus Manufacturing and Taurus Holdings were always operating and conducting business in Florida relevant to the allegations in this Complaint. Taurus Holdings is the one hundred percent stockholder of Taurus Manufacturing and both Defendants were in the business of manufacturing, selling, and distributing the Class Pistols. Defendants are so intertwined contractually for each other's liabilities that they are essentially one entity with regard to the allegations in this Complaint.

## COMMON FACTUAL ALLEGATIONS

25.     The "Class Pistols" are a semi-automatic firearm which fire, extracts, ejects and reloads once for each pull and release of the trigger. All the Class Pistols have stamped on them "TCP MADE IN USA" and the Class Pistols have been regularly described by Taurus as a "738 TCP .380acp" or "732 TCP .32acp."  Also, "PT 738" or "PT 732" is engraved into the slides of the Class Pistols, depending on the respective caliber. For purposes of this Complaint the Class Pistols include the PT 738 and PT 732 and are to as a "Class Pistols" or "TCP."

26.     The Defect will cause the slide of the Class Pistols to break in half at the ejection port when the Pistol is fired. When the slide of any Class Pistol breaks apart while being fired, the pieces of the slide become dangerous projectiles which are capable of striking the shooter or bystanders at incredible rates of speed and causing catastrophic injury or even death.

27.     Since the design and manufacturing of the slides on the Class Pistols is common to all Class Pistols and is defective in all Class Pistols, the use and maintenance of the Class Pistols by Plaintiff and Class Members have no effect on the defective design or manufacture of the Class Pistols and the damages resulting from the defective design.

28.     The Class Pistols have common latent design Defect, namely the Defect, such that if the Class Pistols work as designed, they are still defective, and Plaintiff and Class Members would still be due relief.

29.     For years, Defendants have knowingly manufactured, marketed, and distributed thousands of defective Class Pistols to consumers throughout Florida and the United States.

30.     Despite knowing about the Defect for years, Defendants consciously and intentionally decided not to recall the Class Pistols which they knew were unreasonably dangerous and defective.

31.     Defendants have been aware of the Defect for years and discovery of internal documents from Taurus will show that Taurus has been aware of the Defect since the early production of the Class Pistols and such discovery will most likely reveal that Taurus has been aware of the Defect since the Class Pistols were first designed, manufactured tested, produced, and distributed in the United States.

32.     Defendants have been aware of the Defect since at least 2012. Defendants, for example, have been sued or settled cases which involve the Defect and despite other grievous injuries and settlements, they refused to acknowledge that the Class Pistols are defective, much less take any steps to warn consumers about the dangers of using the Class Pistols.

33.     On March 27, 2012, Brian Aunkst of Colorado was firing his PT 738 at his local firing range. During firing, the pistol's slide broke into at least two pieces, fracturing at the thinnest portion of the slide, adjacent to the ejection port. The rear portion of the slide flew to the rear and struck Mr. Aunkst in the face with significant force. Mr. Aunkst suffered a lacerated upper lip, broken teeth, and a crushing injury to the bone in his upper jaw, requiring extensive reconstructive surgeries and months of recovery and therapy.

34.     As described, the Defect has manifested itself several times, sometimes causing serious bodily injury. Defendants are and were aware of those manifestations (and upon information and belief, Defendants are and were aware of many more), but have refused to notify the public or recall the Class Pistols.

35.     Despite all the information Taurus has in connection with the Defect of the Class Pistols, Taurus has not undertaken any effort to inform the public or individuals who own Class Pistols about the Defect, or to issue any recalls and replace and repair and retrofit the Class Pistols.

36.     Plaintiff has filed this nationwide Class Action Complaint in order to seek declaratory relief and compensation for the damages of Plaintiff and the proposed Class and to force Taurus to act as responsible corporate citizens by educating their customers, the lawful possessors of the Class Pistols and the public about the dangers of the Class Pistols and paying to allow the Plaintiff and the proposed Class to replace the Class Pistols on their own.

37.     The allegations in this Complaint are well-supported by the troublesome history of the Class Pistols, the harmful, sometimes life-threatening consequences of their use by consumers, as well as Defendants' continuing denial or failure to acknowledge the defect. These critical facts about the Class Pistols and the Defect have been hidden from the public by Defendants' pattern of concealing the Defect and refusing to warn the public despite the Defendants' knowledge of the Defect.

38.     Simply stated, the Class Pistols are defective and inherently dangerous, and Taurus has known about the problem for years but has allowed the Class Pistols to remain in the hands of unsuspecting gun owners despite the imminent risk of harm to the owners of the Class Pistols and the public.

## PLAINTIFF RITA HARMAN FACTS

39.     Plaintiff Rita Harman purchased and owns a Class Pistol bearing Serial No. 672068. Plaintiff's Class Pistol has manifested the Defect that is common to every other Class Pistol.

40.     The design of Plaintiff's Pistol is defective and common to all Class Pistols, and as a result, on November 27, 2020, Plaintiff's husband, Chris Harman, was firing the Subject Pistol at the local firing range when the pistol's slide broke in half, sending fragments of the slide into Mr. Harman's eye and face. He suffered facial bone fractures and a detached retina requiring a cornea transplant. To date, it is still unclear if he will end up losing his sight in one eye.

41.     Chris Harman is not a plaintiff in this action and is not a class member. Mr. Harman has filed a separate personal injury lawsuit. Moreover, this Class Action does not seek damages or make allegations of personal injuries caused by the Defect in the Class Pistols.

## CLASS ACTION ALLEGATIONS

42.     Plaintiff brings this suit as a nationwide class action on behalf of herself and all others similarly situated pursuant to Local Rule 23.1 and Rules 23(a), 23(b)(2), and 23(b)(3) of the Federal Rule of Civil Procedure. The Class that Plaintiff seeks to represent is defined as follows:

> **All Persons of the United States, Commonwealth of Puerto Rico, U.S. Virgin Islands, and Guam who own one or more of the following Taurus-branded firearms: 738 TCP or 732 TCP. State, local or federal governments, bodies or agencies are excluded from the Class.**

43.     Subject to additional information obtained through further investigation and discovery to be conducted, the foregoing definition of the Class may be expanded or narrowed by amendment or amended complaint. Specifically excluded from the Class are the Taurus Defendants, their officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint ventures, or entities controlled by

the Taurus Defendants, and their heirs, successors, assigns, or other persons or entities related to or affiliated with the Taurus Defendants and their officers and directors, or any of them; the Judge assigned to this action, and any member of the Judge's immediate family; and persons who have suffered or claimed to have suffered physical injury as a result of a defective Class Pistol.

44.    <u>Numerosity</u>:    The Class is composed of thousands of persons across the United States, making individual joinder impractical. While the exact number and identity of Class Members are not presently known, they can be identified through the review of records in the Taurus Defendants' possession, custody and control, and through other formal discovery. Plaintiff is informed and believes that thousands of Class Pistols with the Defect were manufactured in Florida and sold throughout the United States.  Based on information obtained through Taurus Catalogs it appears that the Class Pistols were manufactured in Florida from 2009 until 2016. Consequently, the individuals in the Class are so numerous, that the sheer number of aggrieved persons makes joinder of all such persons impracticable, and the disposition of their claims in a class action, rather than in individual actions, will benefit the parties and the Court and is the most efficient and fair way to resolve the controversy.

45.    <u>Commonality</u>: Defendants have engaged in a standardized course of conduct that affects all Class Members. The critical question of law and fact common to the Plaintiff Class that will materially advance the litigation is whether the Class Pistols are inherently defective, contrary to the expectations imparted by Taurus through their representations, omissions, and suppression. Furthermore, other questions of law and fact common to the Class exist as to all members of the Class and predominate over any questions affecting only individual members of the Class include the following:

a.  Whether the common design and manufacture of the Class Pistols as described is defective;

b.  Whether the common design and manufacture of the Class Pistols as described causes the slide to break and explode into pieces while it is being fired;

c.  Whether Taurus violated the Florida Deceptive and Unfair Trade Practices Act by, among other things, engaging in unfair, unlawful, or fraudulent practices in connection with the failure to disclose the material and life-threatening Defect in the Class Pistols;

d.  Whether Taurus has been wrongfully and unjustly enriched as a result of the conduct set forth in the Complaint;

e.  Whether Plaintiff and the Class are entitled to equitable relief, including but not limited to restitution;

f.  Whether the design or manufacturing of the Class Pistols can cause the Defect, and thus the Class Pistols are not suitable for their intended use;

g.  Whether Taurus knew or should have known that the Class Pistols were defective;

h.  Whether Taurus had a duty to Plaintiff and the Class to disclose the true nature of the Class Pistols;

i.  Whether Taurus had a duty to recall the Class Pistols;

j.  Whether Taurus falsely represented that the Class Pistols were of a certain standard, quality, and grade, when in fact, they were not;

k.  Whether Taurus suppressed and concealed material information regarding the true characteristics and defective nature of the Class Pistols;

l.  Whether Taurus' false representations and suppression of the Defect was knowing, intentional, reckless, and malicious;

m.  Whether Plaintiff and the Class Members are entitled to compensatory, statutory, punitive, exemplary, and other forms of damages, and other monetary relief and, if so, in what amount;

n.  Whether Taurus breached their Express Warranties to Plaintiff and the Class;

o.  Whether the scope of the Taurus Unlimited Lifetime Repair Policy™ requires Taurus to notify the owners of Class Pistols regarding the Defect and repair and retrofit the Class Pistols;

p.  Whether Taurus breached their Implied Warranties to Plaintiff and the Class; and

q.  Whether Plaintiff and the Class members are entitled to an order requiring Taurus to recall all Class Pistols, and compensate Plaintiff and Class Members.

46.    <u>Typicality</u>: Plaintiff's claims are typical of the claims of the members of the Class, as all such claims arise out of the Taurus Defendants' conduct in designing, manufacturing, testing, marketing, advertising, warranting, and selling the defective Class Pistols. The Defect of the Class Pistols renders each Class Member's claims, legal theory, and injury common and typical.

47.    <u>Adequate Representation</u>: Plaintiff will fairly and adequately protect the interests of the members of the Class and has no interests antagonistic to those of the Class. Plaintiff has retained counsel and law firms that are experienced in the prosecution of complex class actions.

48.    <u>Predominance and Superiority</u>: The class action in this instance is appropriate for certification because questions of law and fact common to the members of the Class predominate over questions affecting only individual members, and this Class action is superior to other available methods for the fair and efficient adjudication of this controversy, since individual

joinder of the Class is impracticable. The common liability issues in this Class Action may be resolved efficiently on a class-wide basis. Should individual Class Members be required to bring separate actions, **_assuming Class Members were aware of the latent Defect_**, this Court and courts throughout the nation would be confronted with a multiplicity of lawsuits burdening the court system while also creating the risk of inconsistent rulings and contradictory judgments. In contrast to proceeding on a case-by-case basis, in which inconsistent results will magnify the delay and expense to all parties and the court system, this class action presents far fewer management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by a single court. The common design and manufacturing result in a latent Defect and the Class Pistols are defective in a way that would not be apparent to Plaintiff and Class Members. As a result, Class Members are unaware of the Defect and their claims against Defendants because of the latent Defect; therefore, without notice of the Defect, a failure of justice will occur in the absence of a class action.

49.    <u>Declaratory and Injunctive Relief</u>: The class action is also appropriate because the Taurus Defendants have acted or refused to act on grounds generally applicable to the class, and the Plaintiff and putative class seek, <u>inter alia</u>, equitable remedies with respect to the class. Indeed, the prosecution of separate actions for injunctive relief would create the risk of establishing incompatible standards of conduct for the Taurus Defendants. In addition, individual actions for injunctive relief may, as a practical matter, be dispositive of the interests of class members, who would not be party to those actions.

## ESTOPPEL AND TOLLING OF STATUTE OF LIMITATIONS

50.    The Taurus Defendants are estopped from relying on any statutes of limitation or repose by virtue of their acts of fraudulent concealment, which include the Taurus Defendants'

intentional concealment from Plaintiff, Class Members, and the general public that the Class Pistols are defective, while continually marketing the Class Pistols with the Defect described herein.

51.     Given the Taurus Defendants' affirmative actions of concealment by failing to disclose this known but non-public information about the Defect – information over which the Taurus Defendants had exclusive control – and because Plaintiff and Class Members therefore could not reasonably have known that the Class Pistols were defective, Defendants are estopped from relying on any statutes of limitations or repose that might otherwise be applicable to the claims asserted herein.

## CAUSES OF ACTION AND CLAIMS FOR RELIEF

### Count One
### Violation of the Florida Deceptive and Unfair Trade Practices Act

52.     Plaintiff, individually, and on behalf of all others similarly situated, incorporates by reference paragraphs 1 through 51 as though expressly stated herein in this paragraph.

53.     This cause of action is brought pursuant to the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201 et seq. (the "Act" or "FDUTPA"). The stated purpose of the Act is to "protect the consuming public. . . from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.202(2).

54.     Plaintiff and all Class Members are "consumers" and the transactions at issue in this Complaint constitute "trade or commerce" as defined by Florida Statutes §§ 501.203(7) and (8), respectively.

55.     Florida Statute § 501.204(1) declares unlawful "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce."

56.     Consumers and the consuming public under the FDUTPA include Florida residents and non-residents of Florida and Florida has a strong interest in regulating the conduct of corporations headquartered within the state. There are no geographical or residential restrictions contained within the express language of the FDUTPA and the Act applies to Taurus Defendants regardless of where the distribution and sale of Class Pistols occurred.

57.     In violation of the FDUTPA, the Taurus Defendants employed fraud, deception, false promise, misrepresentation and the knowing concealment, suppression, or omission of material facts in their distribution, sale, marketing, and advertisement of the Class Pistols, including information in the Taurus Manuals, on the website of the Taurus Defendants, and the material facts as set forth in the following paragraph.

58.     Prior to and at the time the Taurus Defendants distributed the Class Pistols from their headquarters in Florida for sale to the public they engaged in fraud, deception, false promises, misrepresentations, concealment, suppression, or omission of material facts in violation of the FDUTPA in the following ways: (a) representing that the "Taurus pistols were manufactured to perform properly with the original parts as designed"; (b) representing that the Class Pistols "[were] carefully inspected and test fired in order to ensure that it conformed to our specifications and standards"; (c) omitting information which they knew or should have known involve the safety of the Class Pistols. Specifically, the Taurus Defendants concealed the Defect from the public; and (d) by distributing and selling the Class Pistols, Taurus impliedly represented to Plaintiff and Class Members that the Class Pistols are fit for the purpose for which they are intended and safe to use.

59.     The misrepresentations, deception, false promises, knowing concealment, suppression, omission of material facts in their distribution, sale, marketing, and advertisement of the Class Pistols, including information in the Taurus Manuals and on the website of the Taurus Defendants were uniform as to Plaintiff and each class member and the decisions involving misrepresentations, deception, false promises, knowing concealment, suppression, and omission of material facts were made by Taurus Defendants in Florida

60.     The Taurus Defendants violated the FDUTPA by failing to disclose to and concealing from Plaintiff, Class Members, prospective purchasers, and the public the Defect in the Class Pistols.

61.     The Taurus Defendants engaged in the concealment, suppression, or omission of the aforementioned material facts with the intent that others, such as Plaintiff, Class Members, and the public would rely upon the concealment, suppression, or omission of such material facts.

62.     These misrepresentations, practices, and omissions of the material facts are likely to affect a consumer's choice of or conduct regarding the ownership and use of the Class Pistols. The issue is not whether Plaintiff and Class Members relied on the misrepresentations, practices, concealment, and omissions of the material facts, but whether the misrepresentations, practices, concealment, and omissions of the material facts were likely to deceive a consumer acting reasonably in the same circumstances and Plaintiff and Class Members need not prove individual reliance. Since proof of reliance is not necessary, issues relating to causation and damages will be common to Plaintiff and all Class Members. To the extent reliance is required by law, reliance and damages are sufficiently shown by the fact that Plaintiff and Class Members own and use a Class Pistol.

63.     The Taurus Defendants' concealment, suppression, or omission of material facts as alleged herein constitutes unfair, deceptive, and fraudulent business practices within the meaning of the FDUTPA.

64.     The Taurus Defendants either knew, or should have known, that the Class Pistols are defectively designed and manufactured and were not safe due to the defective slide and that serious injury or death could occur when a Class Pistol is normally used.  All of the Taurus Defendants' unfair or deceptive acts relate to their involvement in placing the Class Pistols into the stream of commerce from their headquarters in Florida, knowing the Class Pistols were not safe and that serious injury or death could occur because of the Defect.

65.     Upon information and belief, the Taurus Defendants knew that at the time the Class Pistols left the Taurus Defendants' control the Class Pistols contained the Defect described herein. At the time of manufacture, distribution, and sale, the Class Pistols contained the common design Defect. The Defect reduced the effectiveness and performance of the Class Pistols and rendered them unable to perform the ordinary purposes for which they were used as well as caused the resulting damage described herein.

66.     As a direct and proximate cause of the violation of the FDUTPA, described herein, Plaintiff and Class Members have been injured in that they own and use Class Pistols with the Defect based on nondisclosure of the material facts alleged herein, including but not limited to, nondisclosure of the Defect.

67.     The Taurus Defendants' actions in connection with the designing, manufacturing, marketing, testing, and distributing of the Class Pistols as set forth herein evidences a lack of good faith, honesty in fact, and observance of fair dealing so as to constitute unconscionable commercial practices, in violation of the FDUTPA, Fla. Stats. §§ 501.201, et seq.

68.    The Taurus Defendants acted willfully, knowingly, intentionally, unconscionably and with reckless indifference when it committed these acts of consumer fraud described herein.

69.    Said acts and practices on the part of the Taurus Defendants were and are illegal and unlawful pursuant to Florida Statute § 501.204.

70.    As direct result and proximate result of the Taurus Defendants' violations of the FDUTPA, Plaintiff and Class Members have suffered damages, regardless of whether the Class Pistols have malfunctioned or manifested the Defect in some way. Plaintiff and the Class Members are entitled to compensatory damages, including damages for the diminished value of the Class Pistols. Further, Plaintiff and Class Members are entitled to equitable and declaratory relief, damages allowed under FDUTPA, costs, the establishment of a common fund if necessary, and statutory attorney fees.

**Count Two**
**Negligence**

71.    Plaintiff, individually, and on behalf of all others similarly situated, incorporates by reference paragraphs 1 through 51 as though expressly stated herein in this paragraph.

72.    At all times relevant to this action, the Taurus Defendants had the duty to exercise that degree of care that a reasonably prudent firearm manufacturer and distributor should use in the design, testing, selection, manufacture, assembly, marketing, supply, distribution, and sales of Class Pistols. Notwithstanding this duty, and in violation thereof, the Taurus Defendants negligently and carelessly designed, tested, selected, manufactured, assembled, marketed, supplied, distributed, and sold Class Pistols with the Defect. As a direct and proximate result of this breach of duty, individuals who own a Class Pistol are exposed to a substantial, clear, and unreasonable risk of serious injury or death.

73.     Plaintiff, on behalf of herself, and the Class, demands judgment against the Taurus Defendants for compensatory damages for herself and each member of the Class, for the establishment of a common fund, plus attorney's fees, interest and costs.

## Count Three
## Strict Liability In Tort – Restatement (Second) Of Torts § 402A

74.     Plaintiff, individually, and on behalf of all others similarly situated, incorporates by reference paragraphs 1 through 51 as though expressly stated herein in this paragraph.

75.     The Taurus Defendants designed and manufactured the Class Pistols with the Defect, rendering the Class Pistols inherently dangerous and creating a substantial, clear, extreme and unreasonable risk of serious injury or death to Plaintiff and Class Members. The Taurus Defendants manufactured, assembled, marketed, distributed, and sold the Class Pistols with the Defect. The Class Pistols were in the same defective condition due to the Defect from the time they left the Taurus Defendants' control until they reached the Plaintiff and Class Members, all of whom use the Class Pistols in the manner intended by the Taurus Defendants.

76.     The Class Pistols were sold in substantial and unreasonably dangerous condition to an extent beyond that which would be contemplated by the ordinary consumer, including, Plaintiff and Class Members.

77.     As a direct and proximate result of the facts alleged above, Plaintiff and Class Members are exposed to a clear, substantial, and unreasonable risk of serious injury or death from the Defect and the Class Pistols.

78.     The Taurus Defendants are strictly liable in tort for all injuries, damages, and losses that have or may result from the unintentional and unwanted discharge of a Class Pistol, and for the cost of rendering the Class Pistols safe.

79.     Plaintiff, on behalf of herself and the Class, demands judgment against the Taurus Defendants for compensatory and punitive damages for herself and each member of the Class, for the establishment of a common fund, plus attorney's fees, interest, and costs.

## Count Four
## Breach Of Express Warranty

80.     Plaintiff, individually, and on behalf of all others similarly situated, incorporates by reference paragraphs 1 through 51 as though expressly stated herein in this paragraph.

81.     The Taurus Defendants provide with the Class Pistols express warranties that are made to every owner of a Class Pistol, including Plaintiff and Class Members. The Taurus Defendants have memorialized these express warranties in writing. These express warranties are set forth in the Taurus Manual, the "Limited Warranty," the "The Taurus Lifetime Repair Policy," and the "Taurus Unlimited Lifetime Repair Policy™" — written documents that are provided with the Class Pistols and are also published on the public website of the Taurus Defendants. Each of these express warranties is a separate and independent express warranty made to Plaintiff and Class Members.

82.     The express warranties made to the Plaintiff and Class Members and set forth in the Taurus Manual, include the following: (a) that the "Taurus pistols were manufactured to perform properly with the original parts as designed"; and (b) that the Class Pistols were "carefully inspected and test fired in order to ensure that it conformed to our specifications and standards." The Taurus Defendants breached these express warranties by not providing a product which could provide the benefits described in this paragraph and as a result of the Taurus Defendants' breach of these express warranties, Plaintiff and Class Members have been damaged.

83. The express warranties made to the Plaintiff and Class Members and set forth in the "Limited Warranty," include the following: (a) that "[h]andguns manufactured by Taurus are warranted to be free from defects in material and workmanship;" and (b) that the warranty "extends to any owner of a Taurus handgun manufactured after July 3, 1975."

84. Plaintiff and Class Members are in privity of contract with the Taurus Defendants and are the express beneficiaries of the express warranties set forth in the "Limited Warranty" and these express warranties became part of the basis of the bargain.

85. The Taurus Defendants breached these express warranties by not providing a product which could provide the benefits described in this paragraph and because of the Taurus Defendants' breach of these express warranties, Plaintiff and Class Members have been damaged. Notwithstanding the express warranties described in this paragraph, Plaintiff and the Class Members were denied the full benefit of the bargain.

86. The express warranties made to the Plaintiff and Class Members and set forth in the "The Taurus Lifetime Repair Policy" include that Taurus "will repair, free of charge, any weapon manufactured or distributed by Taurus International."

87. The express warranties made to the Plaintiff and Class Members and set forth in the "Taurus Unlimited Lifetime Repair Policy™" include the following: (a) the "Taurus Unlimited Lifetime Repair Policy™" is for the "lifetime of the gun . . . not the buyer"; (b) the Taurus Defendants "stand behind [their firearms] for a lifetime"; (c) the Taurus Defendants' "unprecedented repair policy stands firmly behind every firearm imported or manufactured by Taurus International"; (d) the "full terms" of the Taurus Unlimited Lifetime Repair Policy™ are that the Taurus Defendants "will repair your Taurus firearm FREE OF CHARGE for the lifetime of the firearm"; and (e) the Taurus Defendants are "totally committed to the very highest standards

22

of quality, dependability, and most of all, customer satisfaction."[1] The Taurus Defendants breached these express warranties by not providing a product which could provide "the very highest standards of quality, dependability, and most of all, customer satisfaction" and as a result of the Taurus Defendants' breach of these express warranties, Plaintiff and Class Members have been damaged.

88.    The Taurus Defendants provided the express warranties described in this Complaint to Plaintiff and Class Members.

89.    Plaintiff and Class Members are the express beneficiaries of the express warranties described in this Complaint. To the extent required by law, the Taurus Defendants have expressly waived privity of contract as a requirement to the enforceability of any of their express warranties.

90.    Notwithstanding these express warranties, and in breach thereof, the Taurus Defendants designed the Class Pistols with the Defect, which rendered the Class Pistols in breach of the express warranties, unmerchantable, nonconforming, and unsafe for normal use, and created a clear, substantial, and unreasonable risk of serious injury or death to Plaintiff and Class Members.

91.    The breach of the express warranties described in this Complaint are a proximate cause of the Plaintiff's and the Class Members' injuries and the warranties have failed in their essential purpose.

92.    Plaintiff, on behalf of herself and the Class, demands judgment against the Taurus Defendants for compensatory damages for herself and each member of the Class, for the establishment of a common fund, plus attorney's fees, interest, and costs.

---

[1] The Taurus Unlimited Lifetime Repair Policy™ was published to Plaintiff, Class Members, and the public via Taurus USA website.

## Count Five
## Breach Of Implied Warranty Of Merchantability

93.    Plaintiff, individually, and on behalf of all others similarly situated, incorporates by reference paragraphs 1 through 51 as though expressly stated herein in this paragraph.

94.    At all times mentioned herein, the Taurus Defendants designed, manufactured, marketed, distributed, and sold the Class Pistols with the Defect, and prior to ownership of the Class Pistols by Plaintiff and Class Members, the Taurus Defendants impliedly warranted to Plaintiff and Class Members that the Class Pistols were of quality and fit for the use for which they were intended, that the Class Pistols were merchantable, would operate effectively, were safe for normal use, suitable for the ordinary and usual purposes for which they were intended, and would not create an unreasonable risk of injury to consumers.

95.    Plaintiff and Class Members, in owning and using the Class Pistols, relied upon the skill and judgment of the Taurus Defendants.

96.    The Class Pistols are unfit for their intended use and are not of merchantable quality, as warranted by the Taurus Defendants, in that they had and have the propensities to fail to perform and protect, including but not limited to, the slide breaking apart when fired.

97.    Defendants designed and manufactured the Class Pistols with the Defect. Defendants designed, manufactured, marketed, distributed, and placed the Class Pistols into the stream of commerce knowing and expecting that the Class Pistols would be used by consumers and around the general public and by distributing the Class Pistols, Taurus impliedly represented to Plaintiff and Class Members that the Class Pistols were merchantable, would operate effectively, were safe for normal use, suitable for the ordinary and usual purposes for which they were intended, and would not create an unreasonable risk of injury to consumers.

98.    Defendants were on notice of the breach of implied warranties at the time the Class Pistols were manufactured and distributed by Taurus.  Defendants knew or should have known about the Defect.

99.    Defendants failed to provide an adequate remedy and caused their implied warranties to fail of their essential purpose, thereby permitting remedy under the implied warranties to Plaintiff and others similarly situated.

100.    As a direct and proximate result of the breach of said warranties, Plaintiff and Class Members have suffered and will continue to suffer a loss as alleged herein in an amount to be determined at trial.

101.    Plaintiff, on behalf of herself and all others similarly situated, demand judgment against the Taurus Defendants for compensatory damages for herself and each member of the Class, for the establishment of a common fund, plus attorney's fees, interest, and costs.

**<u>Count Six</u>**
**<u>Magnuson-Moss Warranty Act</u>**

102.    Plaintiff, individually, and on behalf of all others similarly situated, incorporates by reference paragraphs 1 through 51and Counts Four and Five as though expressly stated herein in this paragraph.

103.    The express and implied warranties as described in Counts Four and Five are subject to the provisions and regulations of the Magnuson-Moss Warranty Act, 15 U.S.C. 2301, *et seq.*

104.    To the extent required by law, Defendants have expressly waived any basis of the bargain requirement as to Plaintiff and Class Members by extending the express and implied

warranties described in Counts Four and Five to any owner of a Class Pistol and not restricting these warranties solely to the buyer of a Class Pistol.

105.    Plaintiff and Class Members are "consumers" as defined in the MMWA. Defendants are "suppliers" and "warrantors" as defined by the MMWA.

106.    The Class Pistols in question are "consumer products" as defined in the MMWA and the Class Pistols were manufactured and sold after July 4, 1975. The express warranties provided by Defendants and required by statute to be provided by Defendants are a full "written warranty" as defined in the MMWA.

107.    Defendants breached the express and implied warranties as described in this Complaint.

108.    Defendants had sufficient notice because they were aware or should have been aware of the Defect at the time of the manufacture and sale of the Class Pistols.

109.    Defendants' conduct described herein is a violation of the MMWA.

110.    By virtue of the foregoing, Plaintiff and Class Members are entitled to an award of damages and other appropriate relief, including attorneys' fees and costs, as allowed by the MMWA. Further, the MMWA provisions allowing recovery of attorneys' fees, costs, and expenses, applies to any consumer who prevails on any warranty affected by the MMWA, whether express and implied warranties.

## Count Seven
## Negligent Failure To Disclose, Failure To Warn, Concealment And Misrepresentation

111.    Plaintiff, individually, and on behalf of all others similarly situated, incorporates by reference paragraphs 1 through 51 as though expressly stated herein in this paragraph.

112.    The Class Pistols are an inherently dangerous commodity and Defendants at all times relevant had a duty to disclose to and warn Plaintiff and Class Members truthfully and accurately, and not to conceal or misrepresent such truth, about the Defect, and a duty to provide a fair and adequate warning of the dangerous potentiality of the slide to break apart due to the Defect.

113.    By the Taurus Defendants' designing, manufacturing, failing to test, marketing, distributing, and placing an inherently dangerous commodity such as the Class Pistols in the channels of trade, then by the very nature of their commercial activity, the Taurus Defendants have a duty to provide a fair and adequate warning of the dangerous potentiality of the Class Pistols due to the Defect.

114.     Defendants could foresee that the Class Pistols, due to the latent Defect, posed a clear, substantial and unreasonable risk of personal injury and death. The proper measure of duty for the Taurus Defendants in designing, manufacturing, testing, selling, marketing, and distributing an inherently dangerous commodity such as the Class Pistols is the reasonable foreseeability that serious injury or death might result from the use of the commodity.

115.    Notwithstanding this duty, and in violation thereof, Defendants carelessly and negligently failed to disclose to and warn Plaintiff and Class Members, and concealed and misrepresented the truth, about the latent Defect which posed a clear, substantial, and unreasonable risk of personal injury and death.

116.    Because Plaintiff and Class Members did not have an equal opportunity to discover such truth about the Taurus Defendants' defectively designed Class Pistols, Plaintiff and Class Members own and use the Class Pistols in the reasonable, but, unbeknownst to them, false belief they were fit for use, merchantable, and reasonably safe for their intended purposes.

117.    Because the Class Pistols were not in fact fit for use, merchantable, and reasonably safe for their intended purposes, and because of Defendants' negligent failure to disclose and warn and their concealment and misrepresentation of such facts, as a direct and proximate result Plaintiff and Class Members have been exposed to a clear, substantial, and unreasonable risk of serious injury and death.

118.    Plaintiff, on behalf of herself, and the Class, demands judgment against Taurus for damages for herself and each member of the Class, for the establishment of a common fund, plus attorney's fees, interest, and costs.

**Count Eight**
**Fraudulent Concealment And Intentional Failure To Warn**

119.    Plaintiff, individually, and on behalf of all others similarly situated, incorporates by reference paragraphs 1 through 51 as though expressly stated herein in this paragraph.

120.     Defendants fraudulently concealed and intentionally failed to warn Plaintiff and Class Members of the Defect with the intent to deceive Plaintiff and Class Members into ownership and use Class Pistols without knowledge of the Defect which poses a clear, substantial, and unreasonable risk of personal injury and death.

121.     Defendants falsely and fraudulently represented to Plaintiff and Class Members that their Class Pistols were safe for normal use.

122.    Plaintiff and Class Members reasonably and justifiably relied on the Defendants' false and fraudulent representations, and on the Defendants' deliberate silence, concerning the highly significant and material fact that the Class Pistols were not safe for normal use, as a result of which, to their detriment, they elected to own and use Class Pistols without knowledge of such fact. There were no reasonable means for Plaintiff or Class Members to make themselves aware

of such fact, since the Defendants have retained tight control of the relevant information concerning the Defect.

123.    As a direct and proximate result of Defendants' fraudulent conduct, of both commission and omission, Plaintiff and Class Members have been exposed to a clear, substantial, and unreasonable risk of personal injury and death during their lawful possession and normal use of their Class Pistols.

124.    Plaintiff, on behalf of herself, and the Class, demands judgment against the Taurus Defendants for compensatory and punitive damages for herself and each member of the Class, for the establishment of a common fund, plus attorney's fees, interest, and costs.

## <u>Count Nine</u><br><u>Declaratory Relief</u>

125.    Plaintiff, individually, and on behalf of all others similarly situated, incorporates by reference all preceding paragraphs as though expressly stated herein in this paragraph.

126.    Defendants acted or refused to act on grounds that apply generally to the Plaintiff and Class Members, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class within the meaning of Fed. R. Civ. P. 23(b)(2). There is an actual controversy between Plaintiff and Defendants concerning the Defect in the Class Pistols. The Defect have diminished the value of the Class Pistols and create a definite threat of future injury to Plaintiff and Class Members.

127.    Accordingly, Plaintiff seeks a declaration that: (1) all Class Pistols with the Defect have a common design Defect in workmanship and material that allow the slides on the Pistols to break apart unexpectedly while being fired; and (2) that Defendants knew of the Defect in Class Pistols and failed to disclose material facts about the Defect.

128.    Further, Plaintiff seeks injunctive relief requiring the Taurus Defendants to issue a recall of all Class Pistols.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, pray for a judgment against the Taurus Defendants as follows:

a.    Enter an Order certifying this action to proceed as a class action, and naming Plaintiff as the representative for the Class and her counsel as counsel for the Class;

b.    Enter an award in favor of Plaintiff and the Class that includes compensatory, exemplary or punitive damages, treble damages, and statutory damages, including interest thereon, in an amount to be proven at trial;

c.    Enter an award in favor of Plaintiff and the Class for compensatory damages that includes the cost of repair, replacement or modification of the Defect to render safe the Class Pistols;

d.    Declare that Defendants are financially responsible for notifying all Class Members of the Defect with the Class Pistols;

e.    Declare that Defendants must disgorge, for the benefit of the Class, all or part of the ill-gotten profits it received from the sale of the Class Pistols or order the Taurus Defendants to make full restitution to Plaintiff and Class Members.

f.    Granting Plaintiff and the Class all equitable remedies permitted by law against Defendants.

g.    Enter an award of attorneys' fees and costs, as allowed by law.

h.    Enter an award of pre-judgment and post-judgment interest, as provided by law.

i.      Grant Plaintiff and the Class leave to amend the Complaint to conform to the evidence produced at trial; and

j.      Grant such other relief against Defendants as the Court may deem just and proper under the circumstances and applicable law.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all claims so triable.

Respectfully submitted, this 2nd day of February 2021.

/s/ *Marc R. Weintraub*

Marc R. Weintraub (FL BAR NO 119976)
Nicole L. Ballante FL BAR NO 025356
BAILEY & GLASSER, LLP
360 Central Avenue, Suite 1500
St. Petersburg, FL 33701
Tel.:     (727) 894-6745
Email:    mweintraub@baileyglasser.com
Email:    nballante@baileyglasser.com

David L. Selby, II *(pro hac vice to be filed)*
BAILEY & GLASSER, LLP
3000 Riverchase Galleria, Suite 905
Birmingham, Alabama 35244
Tel.:     (205) 988-9253
Email:    dselby@baileyglasser.com

John W. Barrett *(pro hac vice to be filed)*
BAILEY & GLASSER, LLP
209 Capitol Street
Charleston, West Virginia 25301
Tel.:     (304) 345-6555
Email:    jbarrett@baileyglasser.com

Matthew G. Garmon FL BAR NO 121519
MORRIS HAYNES
3500 Colonnade Parkway, Suite 100
Birmingham, AL 35243
Email:    mgarmon@mhhlaw.net

Todd Wheeles *(pro hac vice to be filed)*
MORRIS HAYNES
3500 Colonnade Parkway, Suite 100
Birmingham, AL 35243
Email:        twheeles@mhhlaw.net

*Counsel for Plaintiffs*