IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| RITA HARMAN, Individually and on behalf of all others similarly situated, | ) ) | |
| | ) | |
| Plaintiff, | ) ) | |
| | ) | CIVIL ACT. NO. 3:21cv697-ECM |
| v. | ) | [wo] |
| | ) | |
| TAURUS INTERNATIONAL MANUFACTURING, INC., *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION and ORDER

Now pending before the Court are motions to dismiss or for more definite statement (3:21cv98, doc. 29 & 3:21cv697, doc. 45),[1] filed by Taurus Holdings, Inc. and Taurus International Manufacturing, Inc. ("Taurus") in two cases which have been consolidated for discovery proceedings.

Plaintiff Christopher David Harman ("Chris Harman") filed a complaint and an amended complaint in this Court. He brings claims of negligence or wantonness (count one); strict liability in tort (count two); breach of implied warranty of merchantability (count three); negligent failure to disclose, failure to warn, concealment, and misrepresentation (count four); fraudulent concealment and failure to warn (count five);

---

[1] Because the motions to dismiss or for more definite statement were filed before the cases were consolidated for discovery, the Court will refer to CMECF case and document numbers for documents in each case.

and violation of the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD")(count six). (3:21cv98, doc. 22).

Plaintiff Rita Harman filed a putative class action complaint in the United States District Court for the Southern District of Florida and the case was transferred to this Court. (3:21cv697, doc. 1). She brings claims of violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA")(count one); negligence (count two); strict liability in tort (count three); breach of express warranty (count four); breach of implied warranty of merchantability (count five); Magnuson-Moss Warranty Act (count six); negligent failure to disclose, failure to warn, concealment, and misrepresentation (count seven); fraudulent concealment and intentional failure to warn (count eight); and declaratory relief (count nine). (*Id.* doc. 26).

Taurus seeks to dismiss counts one, two, three, four, and five of Chris Harman's amended complaint, or to require a more definite statement.[2]   Taurus seeks to dismiss the amended complaint of Rita Harman in its entirety, or alternatively, moves for a more definite statement.

Based upon a review of the records and the applicable law, and for the reasons that follow, the motion to dismiss or for more definite statement is due to be GRANTED in part and DENIED in part as to Chris Harman's amended complaint and GRANTED as to Rita Harman's amended complaint, and the Court will give each of the Plaintiffs an opportunity to more definitely state specified claims, as described below.

---

[2] Although Taurus states at points in its motion that it seeks to dismiss counts one, two, three, and five of Chris Harman's amended complaint, it also sets forth arguments regarding dismissal of count four.

## I.     LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663 (alteration in original) (citation omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.  Conclusory allegations that are merely "conceivable" and fail to rise "above the speculative level" are insufficient to meet the plausibility standard. *Twombly*, 550 U.S. at 555, 570.  This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678.  Indeed, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.*

## II.     FACTS

The facts as alleged in the amended complaints are as follows:

Chris Harman purchased a Taurus PT 738 TCP pistol (hereinafter "PT 738 pistol") in Opelika, Alabama, in December 2011, and gave it to his wife, Rita Harman, as a gift.  In

2020, Chris Harman was seriously injured while shooting the PT 738 pistol when it blew apart, causing metal pieces to strike him in the face and eye.

The pistol was designed, manufactured, assembled, and marketed by Taurus in Florida.

Chris Harman alleges that the pistol is defective and unreasonably dangerous because its design and manufacture suffers from a defect which renders the pistol subject to a dangerous weakening or fracturing of the pistol's components.  His amended complaint further alleges that despite actual knowledge of the defect, Taurus never remedied the defect, never issued an effective and complete warning to the public, and has never recalled the pistol.

In her amended complaint, Rita Harman alleges that there is defect in the PT 738 pistol as well as in the PT 732 TCP pistol  ("PT 732 pistol").  She alleges that the PT 738 pistol and the PT 732 pistol have the same defect; namely, that the slide breaks in half at the ejection port and the pieces of the slide become dangerous projectiles which are capable of striking the shooter or bystanders.

Chris Harman and Rita Harman both allege in their amended complaints that in March of 2012, Brian Aunkst ("Aunkst") of Colorado was firing a PT 738 pistol when the slide broke, injuring Aunkst.  According to the amended complaints, Taurus was provided photos of the broken slide and given the opportunity to inspect and investigate what caused the slides to break apart.  Rita Harman alleges that despite knowing of the defect, Taurus has failed to acknowledge the defect in any of their marketing or advertising materials and

marketed the PT 732 and PT 738 pistols as safe firearms.   Chris Harman similarly alleges Taurus' failure to warn and its misrepresentation regarding the PT 738 pistol.

## III.   DISCUSSION

The Court begins with the grounds for dismissal, or more definite statement, of claims brought by Chris Harman and then turns to the grounds for dismissal, or more definite statement of, the claims of Rita Harman.

### A.  Chris Harman

#### 1.   *Negligence and Wantonness Claims in Count One*

Taurus argues that the claims in count one of Chris Harman's amended complaint violate Rule 8(a) of the *Federal Rules of Civil Procedure* because both claims are combined in one count.  Taurus also argues that wantonness has not been adequately alleged.

Chris Harman argues in response that negligence and wantonness cannot coexist, so each claim in count one is pleaded in the alternative.  Chris Harman further argues that because he has alleged that Taurus knew that the slide on the PT 738 pistol tended to explode, the complaint has alleged the mental state for wantonness.

Upon review of the amended complaint, the Court concludes that the claims of negligence and wantonness are sufficiently alleged to give Taurus adequate notice of the alternative claims brought against it in count one and the grounds upon which each claim rests. *See Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). The Court also concludes that the facts alleged regarding Taurus' knowledge of another incident with the PT 738 pistol are sufficient to allege that Taurus acted with knowledge

of danger or with consciousness that the doing of some act would likely result in injury to support a wantonness claim. *See Stone v. Southland Nat'l Ins. Corp.*, 589 So. 2d 1289, 1292 (Ala. 1991). The motion to dismiss is due to be DENIED as to count one of Chris Harman's amended complaint.

### 2. *Strict Products Liability Claim in Count Two*

Taurus contends that because Alabama has rejected no-fault products liability with the adoption of the AEMLD, the strict products liability claim in count two is due to be dismissed. Taurus also argues that the claim in count two of Chris Harman's amended complaint need not be construed as an AEMLD claim because Chris Harman specifically has brought an AEMLD claim in count six. Chris Harman responds that his claim in count two states an AEMLD claim and if the Court concludes that it is deficiently labeled, the Court should give him leave to rename the second count as an AEMLD claim.

Because Chris Harman has alleged an AEMLD claim in count six, the Court agrees with Taurus that the two AEMLD counts within the complaint based on the same facts are redundant. Therefore, the claim in count two is due to be dismissed as duplicative of the claim in count six.

### 3. *Breach of Implied Warranty in Count Three*

Taurus moves to dismiss the claim in count three on the grounds that Taurus is not a seller under Alabama law and so cannot be held liable for the implied warranty of merchantability and, even if the claim can be brought, Chris Harman has not provided notice of breach of warranty as required by Alabama law.

As to the first argument, as Taurus notes that some federal district courts in the Alabama have declined to recognize an implied warranty claim brought against a manufacturer. *See Rose v. General Motors Corporation,* 323 F. Supp. 2d 1244 (N.D. Ala. 2004).  In *Rose*, the court found that there can be no implied warrant of merchantability brought against a non-seller based on *Ex parte General Motors*, 769 So. 2d 903, 910 (Ala. 1999). *Id.* at 1247-48.  In *Ex parte General Motors*, the Court noted in dicta that a claim could not be brought against General Motors for a breach of an implied warranty because that warranty only applies to sellers. 769 So. 2d at 910.  This discussion did not address the precedent in which the Alabama Supreme Court held that the legislature eliminated "the vertical privity requirement in a suit for breach of warranty if it is reasonable to expect that such person may use, consume or be affected by the goods and is injured in person by breach of the warranty."  *Bishop v. Faroy Sales*, 336 So. 2d 1340 (1976).  In *Rose*, the federal district court expressed that *Ex parte General Motors* indicated that the Alabama Supreme Court would overrule *Bishop*. 323 F. Supp. 2d at 1247-48. Another judge of this district has declined to adopt this approach and has concluded that Bishop and other decisions like it are controlling. *See Ballard v. Gen. Motors, LLC*, 2021 WL 5312298, at *5 & n.2 (M.D. Ala. Nov. 15, 2021).

In 2003, the Alabama Supreme Court acknowledged the *Ex parte General Motors* discussion, but then went on to explain that although without privity of contract there is no right of action against a manufacturer for direct economic loss, Alabama law has "abolished privity requirements only in actions involving personal injury to natural persons."  *Rampey v. Novartis Consumer Health, Inc.*, 867 So. 2d 1079, 1089 (Ala. 2003).

This Court finds that the better-reasoned view is that the dictum in *Ex parte General Motors* is not persuasive because Alabama appellate courts have held before and after *Ex parte General Motors* that privity of contract is not required where the plaintiff seeks relief for personal injuries. *See Ballard*, 2021 WL 5312298, at *5 & n.2 (collecting state cases); *see also Avery v. Cobra Enterprises of Utah, Inc*., 2013 WL 2352320, at *3 (N.D. Ala. 2013)("This court does not find that the court's dicta in *General Motors* is sufficient to prove that the court has changed or would change its long-standing interpretation of implied warranties of merchantability under § 7–2–318.3."). Therefore, this Court concludes that the implied warranty claim against Taurus is not precluded as a matter of law merely because it is a manufacturer.

As to the argument that Chris Harman has failed to adequately plead his claim because he has not alleged pre-suit notice, Chris Harman argues that Alabama law only requires a buyer to give notice to the seller, not a manufacturer.   The Eleventh Circuit, however, has examined Alabama law and has concluded that the Alabama Commercial Code makes notice a condition precedent to any claim of breach of warranty by a buyer. *Hart v. Yamaha-Parts Distributors, Inc*., 787 F.2d 1468, 1474 (11th Cir. 1986).  There is no distinction between implied warranties and express warranties for purposes of the precondition. *Smith v. Apple, Inc*., 2009 WL 3958096, at *1 (N.D. Ala. 2009).  Therefore, affirmatively pleading notice is a requirement for a buyer's claim for breach of warranty under Alabama law. *See Lowery v. Sanofi-Aventis, LLC,* 535 F. Supp. 3d 1157, 1175 (N.D. Ala. March 9, 2021)(finding that warranty claim against manufacturer were precluded by lack of notice); *Hobbs v. Gen. Motors Corp*., 134 F. Supp. 2d 1277, 1285–86 (M.D. Ala.

2001).  The amended complaint alleges that Chris Harman is a buyer and does not allege any fact to establish notice.  The express warranty claims are, therefore, due to be dismissed, but to the extent that Chris Harman contends that he fulfilled the notice requirement, he will be given additional time in which to affirmatively plead facts to show notice in a new amended complaint.

> ### 4. Negligent Failure to Disclose, Failure to Warn, Concealment, and Misrepresentation in Count Four and Fraudulent Concealment and Failure to Warn in Count Five

Taurus contends that count four of Chris Harman's amended complaint contain multiple causes of action and is, therefore, due to be dismissed as shotgun pleading.  Taurus further contends both counts fail to include the requisite specificity for a fraud claim.

Chris Harman responds that the amended complaint alleges that Taurus had a duty to disclose that the PT 738 pistol contained a slide that tends to shatter and failed to disclose that fact.  In his brief, Chris Harman points to paragraph 24 of the amended complaint which describes Taurus' knowledge of a similar incident experienced by Aunkst in 2014. (3:21cv98, doc. 22 para. 24).

The claims in counts four of Chris Harman's complaint refer to the duties to disclose, failure to warn, concealment, and misrepresentation. The amended complaint refers to Taurus's actions during the marketing and distribution of the PT 738 pistol as well as before Chris Harman's use of the PT 738 pistol. (*Id.* para. 53 & 56).  The Court agrees that the multiple claims should be separately pleaded. *Weiland*, 792 F.3d at 1322–23 ("The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief.").  The inclusion of multiple claims makes

the pleading unclear because the amended complaint alleges that Taurus had knowledge of a defect when it was marketing and distributing the weapon, (3:21cv98, doc. 22 para. 53), ostensibly at the time that Chris Harman purchased the PT 738 pistol in 2011, but then relies on Taurus' notice from an incident which occurred in 2014. (*Id.* para. 24).  The incident in 2014 could not have been known to Taurus in 2011, and the facts known by Taurus regarding the safety of the PT 738 pistol at the time of Chris Harman's purchase are not alleged in either count four or five.[3]  Therefore, the Court finds that the motion for more definite statement is due to be GRANTED as to the claims in counts four and five so that Chris Harman can appropriately separate his claims in count four and more specifically plead the basis of his fraud theories.

### B.  Rita Harman

Taurus' motion to dismiss, or for a more definite statement of, Rita Harman's claims raises some issues common to multiple claims.  Therefore, the Court will address the issues as they apply in common and then address individual claims.

### 1.  Standing

Taurus contends that any claims brought concerning defects in the PT 732 pistol should be dismissed because Rita Harman does not have standing to bring those claims.  Taurus points to the allegations of the complaint that Chris Harman purchased and gave

---

[3] In fact, in the amended complaint, Chris Harman left incomplete the following sentence: "[s]pecifically, they conceal."  (3:21cv98, doc. 22 para. 55).

Rita Harman only the PT 738 pistol, and that there is no allegation that Rita Harman owned a PT 732 pistol.

Rita Harman argues that she has alleged that both pistol models are substantially similar, differing only as to caliber and weight, and suffer the same defect. (3:21cv697, doc. 26 para. 26). At this point in the proceedings, therefore, this Court concludes that Rita Harman has standing to assert claims regarding both pistol models. *See Heuer v. Nissan N. Am., Inc.*, 2017 WL 3475063, at *5 (S.D. Fla. 2017)("Heuer's allegation that all Nissan GT-Rs are the same product regardless of the year they were made must be taken as true for the purposes of the motion to dismiss. Thus, at this juncture, Heuer has standing to pursue his claims.").

### 2. *Applicable State Law*

The majority of Rita Harman's claims are state-law claims. Taurus contends that these claims are governed by Alabama law because any alleged damage to Rita Harman's pistol occurred at a firing range in Opelika, Alabama, and any economic injury suffered was suffered in Opelika, Alabama where the pistol was purchased.

Because Rita Harman's case was transferred to this Court from Florida, Florida choice-of-law principles apply. *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 65 (2013). Florida's choice-of-law rule applies the doctrine of *lex loci contractus* to contract actions and considers where the contract was executed. *David v. Am. Suzuki Motor Corp.*, 629 F. Supp. 2d 1309, 1315–16 (S.D. Fla. 2009). In this case, the amended complaint alleges that the PT 738 pistol was purchased in Opelika, Alabama. (3:21cv697, doc. 26 para. 45). Therefore, Alabama law applies to the contract claims.

For torts, Florida looks to the state with the most significant relationship to the tort at issue. *Bishop v. Fla. Specialty Paint Co*., 389 So. 2d 999, 1001 (Fla. 1980).  Rita Harman contends that Florida law applies, but argues that it is premature to address the conflict-of-law issue at this time.

In a conflict of law analysis, a fundamental issue is "whether a conflict actually exists." *Cooper v. Meridian Yachts, Ltd*., 575 F.3d 1151, 1171 (11th Cir. 2009). "Simply stated, [a false conflict occurs] . . . when the laws of the competing states are substantially similar. . . ." *Id.* (alterations in original).  "If a false conflict exists, the court should avoid the conflicts question and simply decide the issue under the law of each of the interested states." *Id.* (internal quotation marks omitted). "A true conflict exists when two or more states have a legitimate interest in a particular set of facts in the litigation and the laws of those states differ or would produce a different result." *Id.* (internal quotation marks omitted).  This Court, therefore, will address the conflict of law issue only where the laws of the states would produce a different result for the tort claims.

### 3.  *Request for Declaratory Relief*

Taurus contends that Rita Harman's request for declaratory relief should be dismissed because all of Rita Harman's substantive claims are due to be dismissed. As will be discussed below, Rita Harman will be given additional time in which to replead state-law warranty claims.  Her request for declaratory relief, therefore, can also be repleaded at that time.

### 4.  *Tort Claims*

Taurus contends that Rita Harman's negligence; strict liability in tort; negligent failure to disclose, warn, and misrepresentation; and intentional failure to warn and fraudulent concealment claims are barred by Alabama's economic loss doctrine because the only damages asserted are the diminished value of the pistols.

"The economic-loss rule prevents tort recovery when a product damages itself, causing economic loss, but does not cause personal injury or damage to any property other than itself." *Vesta Fire Ins. Corp. v. Milam & Co. Const.*, 901 So. 2d 84, 106–07 (Ala. 2004). Under Alabama law, a plaintiff is limited to contractual recovery when a defect causes injury to only the product and to no other property. *Id.*

Rita Harman contends that there is an exception to the economic loss doctrine where a product is inherently dangerous, citing *Tuscumbia City Sch. Sys.*, 871 F. Supp. 2d 1241 (N.D. Ala. 2012).

Upon review *Tuscumbia City Sch. Sys*, it appears to this Court that although that non-binding decision does discuss the dangerous nature of the product in finding that a tort claim can proceed, it is distinguishable because the opinion also makes it clear that in the case, "the damages are not just to the products themselves." *Id.* at 1253. In this case, Rita Harman alleges damage to the PT 738 pistol and does not allege that any other property was damaged. Given the clear precedent from Alabama appellate courts that the economic-loss rule prevents tort recovery if there is no damage to property other than the product itself, this Court declines to extend the reasoning of the federal district court in *Tuscumbia City Sch. Sys.* in this case in which there is no other property damage. Therefore, the Alabama economic loss doctrine bars Rita Harman's tort claims.

Rita Harman does not cite to Florida law on this issue, but it appears that the result would be the same under that state's law. *See, e.g., Tiara Condo. Ass'n, Inc. v. Marsh, USA, Inc*., 991 F. Supp. 2d 1271, 1279 (S.D. Fla. 2014)(citing Florida law for the proposition that a "tort action is barred where a defendant has not committed a breach of duty apart from a breach of contract.").

The tort claims asserted by Rita Harman, therefore, are due to be dismissed with prejudice.

*5.  Warranty Claims*

Taurus moves to dismiss the express and implied warranty claims asserted pursuant to state law and then also argues that without a state-law warranty claim, there can be no Magnusson-Moss Warranty Act claim. The Court begins with the state-law express warranty claims.

a.   Express Warranty Claims

Taurus argues that Rita Harman's allegation in the complaint that express warranties were a part of the basis of the bargain is not supported by facts and is not entitled to a presumption of truth because the amended complaint contains no facts to show that Chris Harman considered any express warranties when he bought the PT 738 pistol.  Taurus also argues that even if there are sufficient factual allegations that a warranty was the basis for the bargain, Rita Harman did not give the required notice to support a warranty claim. Finally, Taurus argues that the limited, express warranties in the documents show that the limited warranty was that the products were free from defects in workmanship, not design,

and that because Taurus was not given the opportunity to repair the item, there can be no breach.

As to the contention that Rita Harman has failed to allege that the warranty was part of the basis of the bargain because she has only alleged her own knowledge of the warranty, not Chris Harman's, Rita Harman argues in her brief that Alabama law does not require reliance for an express warranty to be considered a basis of the bargain, but that even if it did, Rita Harman has alleged that she desired the pistol because the warranty policy and that Chris Harman purchased the pistol she wanted. Alternatively, Rita Harman asks that she be given an opportunity to plead Chris Harman's knowledge of the warranty.

Under Alabama law

> affirmations of fact made by the seller about the goods during a bargain are regarded as part of the description of those goods; hence no particular reliance on such statements need be shown in order to weave them into the fabric of the agreement. Rather, any fact which is to take such affirmations, once made, out of the agreement requires clear affirmative proof. The issue normally is one of fact.

ALA. CODE § 7-2-313; *see also Rudder v. Kmart Corp.*, 1997 WL 907916, at *5 (S.D. Ala. Oct. 15, 1997)("The Alabama courts have not squarely addressed the meaning of 'basis of the bargain,' but have said that reliance is not 'the determining factor.'"). Therefore, while reliance by the buyer is not necessary, knowledge of the warranty is. Here, Rita Harman argues, but does not specifically plead, that Chris Harman purchased the pistol because Rita Harman chose the pistol based on the express warranty. The Court need not decide whether Rita Harman must replead her claim to allege Chris Harman's knowledge of the

warranty, however, if the claim would otherwise be futile.  Therefore, the Court turns to Taurus' arguments regarding notice and breach.

On the issue of notice, Rita Harman contends that she does not have to give Taurus notice because she is a third-party beneficiary of the warranty, not a buyer.  Rita Harman also contends that Taurus knew that the pistols suffered from a defect but refused to fix that defect.

"[A] manufacturer's express warranty, like any contractual obligation, may run in favor of a third-party beneficiary." *Lisk v. Lumber One Wood Preserving, LLC*, 792 F.3d 1331, 1338 (11th Cir. 2015).  Buyers, such as Chris Harman, are required to provide notice, but Alabama law does not require third-party beneficiaries of a contract to give notice of a breach of warranty before bringing suit. *Simmons v. Clemco Indus.*, 368 So. 2d 509, 513 (Ala. 1979).

In *Lisk*, the Eleventh Circuit addressed the issue of whether a plaintiff had adequately stated a claim for relief as a third-party beneficiary of an express warranty under Alabama law. 792 F.3d at 1338.  The court explained that to recover under this theory, a complainant must show that the contracting parties intended to bestow a direct benefit on a third party, that the complainant was the intended beneficiary, and that the contract was breached. *Id.* In that case, all three elements were met because the complaint alleged that the manufacturer breached its warranty by selling wood that was not pressure treated or was improperly pressure treated; that the manufacturer warranted that the wood was pressure treated; and that the manufacturer intended to benefit remote purchasers. *Id.*  The court found the claim adequately stated even though the wood was sold through a "number

of layers;" holding that the foreseeability of harm to end users weighed in favor of a finding that the end user was a third-party beneficiary. *Id.* The court noted that there was nothing implausible about an allegation that a manufacturer intended to warrant its product to end users. *Id.*

In this case, although Rita Harman has argued in her brief that she is not a buyer, but a beneficiary, she has not alleged the kind of facts in her amended complaint to support a third-party beneficiary theory that were alleged in *Lisk*. A more definite statement of her claim, therefore, is required.

In addition, Taurus has raised an issue not addressed in *Lisk*; namely, a lack of facts alleged to show a breach of the terms of the express warranty. Another district court within this circuit has concluded that an express warranty is like any other contract, so an express warranty which contains the condition that the owner send defective products to the manufacturer for inspection has not been violated if the plaintiff does not return the product. *Freeman v. NIBCO, Inc.*, 526 F. Supp. 3d 1112, 1129 (N.D. Ala. 2020).

In her amended complaint, Rita Harman alleges that the following are express warranties which Taurus violated:  Taurus pistols were manufactured to perform properly with the original parts as designed; the Class Pistols were carefully inspected and test fired to ensure that they conformed to specifications and standards (3:21cv697, doc. 26 para. 89); the handguns are warranted to be free from defects in material and workmanship which extends to any owner of a Taurus handgun manufactured after July 3, 1975 (*id.* para. 90); Taurus will repair free of charge any weapon manufactured or distributed by Taurus (*id.* para. 93);   the lifetime repair policy is for the lifetime of the gun, not the buyer; Taurus

17

stands behind the firearms for a lifetime; Taurus will repair the firearm free of charge for the lifetime of the firearm; and Taurus is totally committed to the very highest standards of quality, dependability, and customer satisfaction (*id.* para. 94).  As is clear from these allegations, although it does allege a design defect, the amended complaint also identifies a defect with workmanship.  In her brief, Rita Harman argues that the warranty failed of its essential purpose because Taurus was unwilling to abide by its promised remedies as demonstrated by its ignoring that the pistols suffered from a defect.

Taurus argues that it cannot be held to have breached any warranty that guarantees repair if it was not asked to do the repair.  Taurus has attached documents to its motion to dismiss which this Court may consider,[4] but does not point to a specific portion of the thirty-six-page exhibit which it contends required Rita Harman to request repair. (3:21cv697, doc. 45 at 14-15).  However, upon review, the Court notes that the attached document includes the permissive language, "[s]hould your firearm require adjustment or repair, we strongly recommend that you return it to Taurus for factory service." (*Id.* doc. 45-1 at 29).  While the Court will review this issue again if called upon to do so upon a full presentation of the specific warranty provisions at issue, the Court cannot conclude that Rita Harman has failed to allege breach at this point in the proceedings. *See Lisk*, 792 F.3d at 1339 (reversing dismissal of claim but noting that the agreement would be addressed later when its terms were known).

---

[4] Although courts generally only consider the language of a complaint in deciding a Rule 12(b)(6) motion to dismiss, they may consider an extraneous document when a plaintiff refers to a document in its complaint, the document is central to its claim, its contents are not in dispute, and the defendant attaches the document to its motion to dismiss. *See Fin. Sec. Assur., Inc. v. Stephens, Inc*., 500 F.3d 1276, 1284 (11th Cir. 2007).

Taurus also has argued that Alabama law requires that the manufacturer be asked to repair or replace the product within a reasonable amount of time.  It appears that Rita Harman's theory is that Taurus had to repair or replace the pistols based on Aunkst's experience with a Taurus pistol.  The facts regarding Aunkst, along with all other previous paragraphs, however, are incorporated by reference into the express warranty claim but not referred to in the allegations of the claim itself, rendering the claim unclear. *See Weiland*, 792 F.3d at 1321 ("The most common type [of shotgun pleading]—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint.").  Because the theory is not clear, the Court cannot at this time decide whether the claim has been sufficiently pleaded.

Accordingly, the alternative motion for more definite statement is due to be GRANTED and Rita Harman will be given additional time in which to plead a more definite statement of her express warranty claim.

### b.  Implied warranties

Taurus maintains that no implied warranty claim can be brought against a manufacturer and that no notice was given Taurus even if such a claim can be stated.

As with the express warranty claim, Rita Harman argues in her brief that she is a third-party beneficiary to implied warranties and, therefore, can bring an implied warranty claim for only economic loss without notice.

Under Alabama law, the implied warranty of merchantability extends from the seller to the buyer. *See Rhodes v. Gen. Motors Corp., Chevrolet Div.*, 621 So. 2d 945, 947 (Ala.

19

1993).  However, a claim may lie against a manufacturer if there is privity of contract.  *Id.*

Therefore, a third-party beneficiary to a contract between a manufacturer and seller can

bring an implied warranty claim. *Morris Concrete, Inc. v. Warrick*, 868 So. 2d 429, 435

(Ala. Civ. App. 2003).

Another federal district court within this circuit has examined this issue recently.

*Freeman*, 526 F. Supp. 3d at 1132.  In that case, the plaintiff attempted to bring claims for

breach of implied warranties against a manufacturer.  The court reasoned that there must

be privity of contract to bring a claim against a manufacturer. *See id.*  The court found that

the record construed in the light most favorable to the plaintiffs supported a reasonable

inference that they were third-party beneficiaries of the contract between their

homebuilders and the manufacturer. *Id.*  Therefore, the court concluded that they had

privity with the manufacturer and could maintain a breach of implied warranty claim. *Id.*

In addition, the court found that notice was not required because the rule that third-party

beneficiaries do not have to give notice of a breach of warranty before filing suit applies to

express and implied warranty claims. *Id.* (citing *Simmons*, 368 So. 2d at 513).  Therefore,

if a third-party beneficiary implied warranty claim is sufficiently pleaded, the lack of notice

is not fatal to that claim.

In this case, however, similar to the express warranty claim described above, the

Court finds that Rita Harman has not alleged sufficient facts to support that she is a third-

party beneficiary of a contract.  Rita Harman will, therefore, be given an opportunity to

more definitely plead her implied warranty claim.

c.  Magnuson-Moss Warranty Act claim

Taurus argues that any Magnuson-Moss Warranty Act claim must be dismissed because Rita Harman has failed to state claims for breach of any express or implied warranty under state law.  Because the state-law warranty claims are due to be dismissed without prejudice to being repleaded, the Plaintiff's Magnuson-Moss Warranty Act claim also will be dismissed without prejudice to being repleaded.

6.  FDUPTA Claim

To state a damages claim under FDUTPA, a plaintiff must allege: "(1) a deceptive act or unfair practice, (2) causation; and (3) actual damages." *Carriuolo v. Gen. Motors Co.*, 823 F.3d 977, 983 (11th Cir. 2016).

Taurus takes the position that the FDUTPA does not apply to the sale of the pistols at issue here because Chris Harman did not purchase the PT 738 pistol in Florida.  Alternatively, Taurus argues that the claim is barred by the statute of limitations and has not been sufficiently pleaded.

Rita Harman responds that the amended complaint alleges that the Taurus pistols were manufactured in and marketed from Florida, so the mere fact that Chris Harman purchased a pistol outside of Florida does not mean that the FDUTPA cannot apply.

"FDUTPA does have applicability to the commercial transactions between Florida corporations and non-resident consumers." *Millennium Commc'ns & Fulfillment, Inc. v. Off. of Att'y Gen., Dep't of Legal Affs., State of Fla.*, 761 So. 2d 1256, 1260–61 (Fla. Dist. Ct. App. 2000).  In examining this issue, courts take into account where aspects of the transactions at issue occurred.  For example, a claim was appropriately stated pursuant to the FDUTPA where a plaintiff outside of Florida sued a Florida corporation and the

21

plaintiff alleged harm from false advertising.  *Brueggemann v. NCOA Select, Inc.*, 2009 WL 1873651, at *7 (S.D. Fla. 2009).

Rita Harman has alleged that prior to and at the time that Taurus distributed the subject pistols from its headquarters in Florida, it engaged in fraud, deception, and omissions. (3:21cv697, doc.26 para.65). The amended complaint alleges that misrepresentations and omissions were made by Taurus in Florida. (*Id.* para. 66). Because Rita Harman has alleged that deception actions or omissions occurred in Florida, the Court finds that at this time the FDUPTA claim is not due to be dismissed on the ground that some of the relevant conduct occurred outside of Florida.

A FDUTPA claim accrues "at the time of purchase or lease of a product, not upon discovery of an alleged defect." *Speier-Roche v. Volkswagen Grp. of Am. Inc.*, 2014 WL 1745050, at *6 (S.D. Fla. 2014).   Taurus argues, therefore, that Rita Harman's complaint filed in 2021 is time-barred. Rita Harman agrees that a four-year statute of limitations applies but contends that the statute was tolled in this case because Taurus engaged in concealment.

"To establish fraudulent concealment sufficient to toll the statute, the plaintiff must show both successful concealment of the cause of action and a fraudulent means to achieve that concealment." *S.A.P. v. State, Dept. of Health and Rehab. Servs.*, 704 So. 2d 583, 585 (Fla. 1st DCA 1997). "Fraudulent concealment requires the defendants to engage in the willful concealment of the cause of action using fraudulent means to achieve that concealment." *Raie v. Cheminova, Inc.*, 336 F.3d 1278, 1282 n.1 (11th Cir. 2003).  A plaintiff seeking to toll the statute of limitations as a result of fraudulent concealment must

allege (1) successful concealment of the cause of action, (2) fraudulent means to achieve that concealment, and (3) plaintiff exercised reasonable care and diligence in seeking to discover the facts that form the basis of his claim. *Lewis v. Mercedes-Benz, USA, LLC*, 530 F. Supp. 3d 1183, 1228 (S.D. Fla. March 30, 2021).  "[T]he 'fraudulent means' alleged must go beyond mere non-disclosure, and must constitute active and willful concealment." *Id.*

One district court has concluded that allegations that a car manufacturer did not publicize a defect, did not warn of the defect, and failed to notify plaintiffs of a defect were allegations of "inaction and non-disclosure" and were "wholly insufficient to supply the affirmative steps taken to prevent Plaintiffs from discovering the basis of their claims that would be necessary before tolling based on fraudulent concealment becomes appropriate." *Licul v. Volkswagen Grp. of Am., Inc*., 2013 WL 6328734, at *6 (S.D. Fla. 2013).

The amended complaint in this case refers to omissions of information and implied representations that the pistols were safe.  In her brief, Rita Harman argues that the amended complaint alleges that Taurus knew of the defect at issue, but "buried it." (3:21cv697, doc. 66 at 18).  The amended complaint, however, does not allege facts of action by Taurus, but rather uses labels such as "conceal" and "knowing concealment."  It is not sufficient to plead "labels and conclusions" or "a formulaic recitation of the elements of a cause of action. . . ." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Licul*, 2013 WL 6328734, at *7.  The Court will, therefore, give Rita Harman additional time in which to plead facts supporting her FDUPTA claim and her fraudulent concealment tolling

23

theory, to the extent that those facts can be pleaded consistent with the requirements of Rule 11 of the *Federal Rules of Civil Procedure*.

## IV.   CONCLUSION

For the reasons discussed, it is hereby ORDERED as follows:

1.  The motion to dismiss or for more definite statement (3:21cv98, doc. 29) as to Chris Harman's amended complaint is DENIED as to the negligence or alternative wantonness claim in count one and Chris Harman will proceed on that claim.

2.  The motion to dismiss or for more definite statement (3:21cv98, doc. 29) as to Chris Harman's amended complaint is GRANTED to the following extent:

    a.   Count two of Chris Harman's amended complaint is DISMISSED with prejudice.

    b.   Chris Harman's implied warranty claim in count three is DISMISSED without prejudice to being repleaded.

    c.   Chris Harman's claims in counts four and five are DISMISSED without prejudice to being repleaded.

3.  The motion to dismiss or for more definite statement (3:21cv697, doc. 45) as to Rita Harman's amended complaint is GRANTED to the following extent:

    a.   The tort claims asserted in Rita Harman's amended complaint are DISMISSED with prejudice.

    b.  The express, implied, and Magnuson-Moss Act Warranty Act claims asserted in Rita Harman's amended complaint are DISMISSED without prejudice to being repleaded.

    c.  The FDUPTA claim in Rita Harman's amended complaint is DISMISSED without prejudice to being repleaded.

    d.  Rita Harman's request for declaratory relief is DISMISSED without prejudice to being repleaded.

4.  Plaintiff Chris Harman and Plaintiff Rita Harman are each given until **March 18, 2022,** to file a new amended complaint which is complete unto itself, does not incorporate any previous pleadings by reference, which repleads the claims for which Chris Harman and Rita Harman have been given leave of Court to replead, which is consistent with this Memorandum Opinion and Order, and which complies with the *Federal Rules of Civil Procedure*, particularly Rules 8, 9, 10, and 11.

DONE this 16th day of February, 2022.

     /s/ Emily C. Marks
    EMILY C. MARKS
    CHIEF UNITED STATES DISTRICT JUDGE